**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| MORDECHAI AVISAR, TAI LIANI, and JAMES DOMINGO, | Case No. |
| Plaintiffs, | |
| v. | |
| WEN-CHI CHEN, HTC CORPORATION, and H.T.C. (B.V.I.) CORPORATION, | |
| Defendants, and | |
| SURGICAL THEATER, INC., | |
| Nominal Defendant. | |

**SPECIALLY APPEARING
DEFENDANTS WEN-CHI CHEN, HTC CORPORATION,
AND H.T.C. (B.V.I.) CORPORATION'S NOTICE OF REMOVAL**

Specially Appearing Defendants Wen-Chi Chen, HTC Corporation ("HTC"), and H.T.C. (B.V.I.) Corporation ("BVI") by and through their undersigned counsel, hereby remove this shareholder derivative action from the Court of Common Pleas for Cuyahoga County, Ohio to the United States District Court for the Northern District of Ohio pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, without waiving service of the summons and complaint in this action. As grounds for removal, the Specially Appearing Defendants state the following:

**INTRODUCTION**

1.     On August 31, 2023, Plaintiffs Mordechai Avisar, Tai Liani, and James Domingo filed a two-count shareholder derivative complaint on behalf of Surgical Theater, Inc. ("Surgical Theater" or the "Company") in the Court of Common Pleas for Cuyahoga County, Ohio. *See* Ex.

1, Civil Case No. CV-23-984802 ("Complaint"). In Count I of their Complaint, Plaintiffs claim that Mr. Chen breached his fiduciary duty as chairman of Surgical Theater's board of directors. *Id.* ¶¶ 128-134. In Count II, Plaintiffs claim that HTC and BVI aided and abetted Mr. Chen's breach. *Id.* ¶¶ 135-137.

2.      This Court has subject matter jurisdiction over the matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the real parties in interest and the amount in controversy exceeds $75,000 exclusive of costs and interest.

3.      Removal is appropriate because all other requirements under 28 U.S.C. §§ 1441 and 1446 are satisfied.

4.      Mr. Chen, HTC, and BVI make this special appearance in federal court solely to file the instant Notice of Removal. By doing so, and appearing herein, Mr. Chen, HTC, and BVI do not waive service of the summons and complaint in this action, or any defenses allowed under law or equity, including, but not limited to, any defenses available under Rule 12(b) of the Federal Rules of Civil Procedure. Mr. Chen, HTC, and BVI reserve all rights to respond to Plaintiffs' Complaint in due course.

## GROUNDS FOR REMOVAL UNDER 28 U.S.C. § 1332

### A.      There is Complete Diversity of Citizenship.

5.      Plaintiff Mordechai Avisar is a citizen and domiciliary of Florida. Compl. ¶ 7.

6.      Plaintiff Tai Liani is a citizen and domiciliary of New Jersey. *Id.* ¶ 8. But Mr. Liani has not verified the Complaint as required under Ohio and Federal Rule 23.1, and therefore his citizenship should be disregarded. *See In re Ferro Corp. Derivative Litig.*, 511 F.3d 611, 617 (6th Cir. 2008) ("If Plaintiffs do not comply with the requirements of Rule 23. 1, they do not have standing to bring suit.").

7.      Plaintiff James Domingo is a citizen and domiciliary of Ohio. Compl. ¶ 9. But Mr. Domingo has not verified the Complaint as required under Ohio and Federal Rule 23.1, and therefore his citizenship should be disregarded. *See In re Ferro*, 511 F.3d at 617.

2

8. Specially Appearing Defendant Wen-Chi Chen is a citizen and domiciliary of Taiwan. *See* Mr. Chen's Local Rule 3.13(b) Disclosure.

9. Specially Appearing Defendant HTC is a Taiwanese corporation with its principal place of business in Taiwan. *See* HTC's Local Rule 3.13(b) Disclosure; *see also* Compl. ¶ 11.

10. Specially Appearing Defendant BVI is a British Virgin Islands corporation and has its principal place of business in the British Virgin Islands. *See* BVI's Local Rule 3.13(b) Disclosure; *see also* Compl. ¶ 12.

11. Nominal Defendant Surgical Theater is incorporated in Delaware with its principal place of business in Ohio. Compl. ¶ 13. Because Surgical Theater is named solely as a nominal defendant, the Court must look beyond its nominal designation for the purposes of removal on diversity grounds. *McCarty v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 699 F. App'x 464, 467 (6th Cir. 2017) ("In considering whether there is complete diversity, a federal court must look beyond the nominal designation of the parties in the pleadings and should realign the parties according to their real interests in the dispute.") (internal quotations omitted). Further, federal courts in Ohio follow the general rule that "[t]he corporation 'should be aligned as a plaintiff in a stockholder's derivative action since as the real party in interest it stands to benefit from a successful suit.'" *Kable v. Trinity Fin. Corp.*, No. 07-CV-1131, 2008 WL 687225, at *3 (S.D. Ohio Mar. 11, 2008) (quoting *Liddy v. Urbanek*, 707 F.2d 1222, 1224 (11th Cir. 1983)). Here, Plaintiffs assert that they derivatively seek damages solely on ***behalf*** of Surgical Theater, and therefore any successful recovery of damages would be awarded to Surgical Theater as the real party in interest in this action. Compl. ¶ 1.  For purposes of a diversity analysis, then, Surgical Theater should be considered a plaintiff, not a defendant.

### B. The Amount in Controversy Exceeds $75,000.

12. Plaintiffs assert compensatory damages exceeding $50,000, but a review of the Complaint makes clear that the true amount in controversy far exceeds $75,000, exclusive of costs and interest. *See, e.g.*, Compl. ¶ 37 ("Surgical Theater reasonably anticipated that after entering into the Distribution Agreement HTC would have generated ***hundreds of millions of dollars*** for

Surgical Theater") (emphasis added); *id.* ¶ 59 ("[Mr. Chen] had ***promised to provide $10 million*** in capital to Surgical Theater at the beginning of 2022 on reasonable terms. By refusing to honor this commitment, Chen deliberately intensified a cash flow shortage at the Company.") (emphasis added); *id.* ¶ 85 ("Chen now ranks as the creditor holding the highest seniority level of the Company's debt. The CLA guarantees him a 300% return on his investment, ***worth no less than $21 million***.") (emphasis added). Further, Plaintiffs seek punitive damages. *Id.* ¶ 137. "When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered ... unless it is apparent to a legal certainty that such cannot be recovered." *Hayes v. Equitable Energy Res. Co*., 266 F.3d 560, 572 (6th Cir. 2001).  No such legal certainty precluding punitive damages exists here. To the contrary, under Ohio law "punitive damages may be awarded for breach of fiduciary duty, as for other intentional torts, upon proof of actual or implied malice." *Burns v. Prudential Sec., Inc*., 167 Ohio App. 3d 809, 842 (2006). Thus, it is apparent from the face of the Complaint and governing law that the amount in controversy far exceeds $75,000 exclusive of costs and interest.

13.     Because there is complete diversity of citizenship and the amount in controversy exceeds the statutory threshold, removal is proper under 28 U.S.C. § 1332.

**NOTICE AND CERTIFICATION**

14.     This Notice is timely because it has been filed within the time period set forth in 28 U.S.C. § 1446(b)(1).

15.     Without waiving their right to challenge service, all Specially Appearing Defendants consent to removal. Further, because Plaintiffs have designated Surgical Theater as a nominal defendant and assert no claim against nor seek damages from it, Surgical Theater's consent to removal is not required. *Beasley v. Wells Fargo Bank, N.A. for Certificate Holders of Park Place Sec., Inc.*, 744 F. App'x 906, 915 (6th Cir. 2018) (upholding district court's ruling that a nominal defendant's consent to removal is not required where, as here, plaintiffs established no real basis for liability against the nominal defendant).

4

16.     Pursuant to 28 U.S.C. § 1446(d), the Specially Appearing Defendants are providing written notice of this Notice of Removal on all adverse parties and a copy of this Notice of Removal is being filed with the Clerk of the Court of Common Pleas for Cuyahoga County.

17.     Copies of all process, proceedings, documents, and orders that have been obtained from the Court of Common Pleas are filed herewith as **Exhibits 1 – 7**.

18.     Counsel for the Specially Appearing Defendants hereby certifies that these processes, proceedings, documents, and orders constitute all filings in the Court of Common Pleas for Cuyahoga County as of this date.

19.     The Court of Common Pleas for Cuyahoga County is located within the United State District Court for the Northern District of Ohio. Venue for removal purposes is therefore proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a).

20.     WHEREFORE, notice is given that this action is removed from the Court of Common Pleas for Cuyahoga County to the United States District Court for the Northern District of Ohio.

Dated:   October 10, 2023                    Respectfully submitted,

By: */s/ Mitchell G. Blair*

Mitchell G. Blair (0010892)
Fritz E. Berckmueller (0081530)
Xin (Sage) Wen (0098975)
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio 44114
Email: mblair@calfee.com
        fberckmueller@calfee.com
        swen@calfee.com
Telephone: (216) 622-8200
Facsimile: (216) 241-0816

5

Felix S. Lee (CA Bar No. 197084)
Fenwick & West LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Email: flee@fenwick.com
Telephone: 650.988.8500
Facsimile: 206.389. 4511
(*pro hac vice* motion pending)

Jedediah Wakefield (CA Bar No. 178058)
Fenwick & West LLP
555 California Street, 14th Floor
San Francisco, CA 94104
Email: jwakefield@fenwick.com
Telephone: 415.875.2300
Facsimile: 415.281.1350
(*pro hac vice* motion pending)

Daniel John Emam (Wash. Bar No. 20909)
Fenwick & West LLP
401 Union Street, 5th Floor
Seattle, WA 98101
Email: demam@fenwick.com
Telephone: 206.389.4510
Facsimile: 206.389. 4511
(*pro hac vice* motion pending)

Adrian M. Rios (CA Bar No. 340557)
Fenwick & West LLP
228 Santa Monica Blvd., Suite 300
Santa Monica, CA 90401
Email: arios@fenwick.com
Telephone: 310.434.5400
Facsimile: 206.389. 4511
(*pro hac vice* motion pending)

*Counsel for Wen-Chi Chen, HTC Corporation, and H.T.C. (B.V.I.) Corporation*

6

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2023, a copy of the foregoing NOTICE OF REMOVAL was served on counsel of record for all parties via electronic mail to:

| | |
|---|---|
| Joshua R. Cohen<br>Email: jcohen@crklaw.com<br>James B. Rosenthal<br>Email: jbr@crklaw.com<br>Cohen Rosenthal & Kramer LLP<br>3208 Clinton Avenue<br>One Clinton Place<br>Cleveland, Ohio 44113<br><br>*Counsel for Plaintiffs Mordechai Avisar, Tai Liani, and James Domingo* | Bobby Samini<br>Email: bsamini@saminilaw.com<br>Samini Barie APC<br>650 Town Center Drive, Suite 1500<br>Costa Mesa, California 92626-7129<br><br>*Counsel for Plaintiffs Mordechai Avisar, Tai Liani, and James Domingo* |
| Julie A. Crocker<br>Email: jcrocker@taftlaw.com<br>Taft Law<br>200 Public Square, Suite 3500<br>Cleveland, Ohio 44114-2302<br><br>*Counsel for Nominal Defendant Surgical Theater* | |

By: */s/ Mitchell G. Blair*
Mitchell G. Blair (0010892)

*Counsel for Wen-Chi Chen, HTC Corporation, and H.T.C. (B.V.I.) Corporation*