UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |
|---|---|
| MORDECHAI AVISAR, et al., | CASE NO. 1:23-cv-01980 |
| Plaintiffs, | OPINION & ORDER |
| and | [Resolving Doc. 39] |
| SURGICAL THEATER, INC., |  |
| Nominal Plaintiff, |  |
| v. |  |
| WEN-CHI CHEN, et al., |  |
| Defendants. |  |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Plaintiffs Mordechai Avisar, Tai Liani, and James Domingo sue Defendant Wen-Chi Chen, a Taiwan resident. While this case was pending in state court, Plaintiffs attempted to serve Defendant Chen at a business address in California. After removal to federal court, Defendant Chen challenged Plaintiffs' service as ineffective. The Court agreed and quashed service upon Chen, giving Plaintiffs 30 days to perfect service.

Now, after failing to obtain Chen's Taiwanese address for mail service, Plaintiffs move the Court to authorize service via Chen's U.S. counsel under Federal Rule of Civil Procedure 4(f)(3). For the following reasons, the Court **GRANTS** Plaintiffs' alternative service motion.

## I. DISCUSSION

Because Defendant Chen is foreign individual, Rule 4(f) governs service on Chen. There is no international service agreement between the United States and Taiwan,[1] so Rule

---

[1] *DP Creations, LLC v. Xiaoxia*, No. 2:22-cv-00765, 2023 WL 399865, at *2 (D. Utah Jan. 25, 2023).

Case No. 1:23-cv-01980
GWIN, J.

4(f) gives Plaintiffs five options for serving Chen. Under Rule 4(f)(2), Plaintiffs may use Taiwanese service procedures, may use letters rogatory or letters of request, may proceed through personal service, or may proceed through mail service. Under Rule 4(f)(3), Plaintiffs may use any "other means not prohibited by international agreement" that the Court authorizes.

Plaintiffs seek to use this last option and ask the Court for permission to serve Chen via email to Chen's U.S. counsel.

### 1. Rule 4(f)(3) Requirements

Rule 4(f)(3)'s language imposes two requirements on alternative service.[2] First, the Court must authorize such service; second, such service cannot be prohibited by international agreement.[3] Due process supplies a third requirement—that alternative service is "reasonably calculated, under all the circumstances, to apprize interested parties of the pendency of the action and afford them an opportunity to present their objections."[4]

Plaintiffs meet all three requirements. Beginning with the second requirement, Defendant Chen does not argue that an international agreement prohibits service via U.S. counsel. Nor is the Court aware of such an agreement.[5]

Due process is also satisfied. Chen's U.S. counsel is in contact with Chen, and Chen has participated in this litigation both personally and through his counsel.[6] Serving process

---

[2] *Lexmark Int'l, Inc. v. Ink Techs. Printer Supplies, LLC*, 295 F.R.D. 259, 260 (S.D. Ohio 2013) (citation omitted).
[3] *Id.*; *see also* Fed. R. Civ. P. 4(f)(3).
[4] *Ahkeo Labs LLC v. Plurimi Inv. Managers LLP*, No. 1:17-cv-1248, 2017 WL 2793918, at *2 (N.D. Ohio June 26, 2017) (quoting *Fed. Trade Comm'n v. Repair All PC, LLC*, No. 1:17-cv-869, 2017 WL 2362946, at *3 (N.D. Ohio May 31, 2017)).
[5] *See DP Creations*, 2023 WL 399865, at *2.
[6] *E.g.*, Minutes of Proceedings (May 9, 2024) (indicating that Defendant Chen participated in mediation with his U.S. counsel).

Case No. 1:23-cv-01980
GWIN, J.

via Chen's U.S. counsel is reasonably calculated to give Chen notice about this case because U.S. counsel is in contact with Chen and will forward that process to Chen.

And finally, for these two reasons as well the additional reasons discussed below, the Court authorizes alternative service via U.S. counsel with this Order.

### 2. Objections to Alternative Service

Defendant Chen raises three objections to alternative service. None are convincing.

**First**, Chen appeals to the Court's discretion. Chen says that, although courts need not do so, courts "may require the plaintiff to show that they have reasonably attempted to effectuate service on defendant and that the circumstances are such that the district court's intervention is necessary to obviate the need to undertake methods of service that are unduly burdensome or that are untried but likely futile."[7]

Chen argues that Plaintiffs have not yet attempted any other allowable service methods under Rule 4(f), so Plaintiffs have not made other reasonable service attempts.[8]

Plaintiffs have made a service attempt, though—at a California business address under Ohio law. "[A] plaintiff is not required to first exhaust the methods contemplated by Rule 4(f)(1) and (2) before petitioning the Court for permission to use alternative means under Rule 4(f)(3)."[9] So, although Plaintiffs have not attempted service under Rule 4(f) yet, and the Court ultimately quashed Plaintiffs' business address service attempt, Plaintiffs' business address service attempt was a reasonable one that supports authorizing alternative service at this point.

---

[7] *NOCO Co. v. Shenzhen Anband Tech.*, No. 1:17-cv-2205, 2018 WL 1373822, at *2 (N.D. Ohio Mar. 19, 2018) (internal quotations and citation omitted).
[8] Doc. 40 at 2–3.
[9] *Lexmark*, 295 F.R.D. at 260 (collecting cases).

- 3 -

Case No. 1:23-cv-01980
GWIN, J.

Case circumstances also support allowing alternative service. Plaintiffs requested Defendant Chen's residential address so that Plaintiffs could try serving Chen under Rule 4(f)(2)(C)(ii).[10] But Chen refused to provide his address.[11]

Moreover, the Court has already granted a motion to dismiss once, and Plaintiffs' motion for leave to amend is due in one week.[12] Given this impending case deadline and the work done on this case to date, approving alternative service rather than forcing Plaintiffs to take on the lengthy exercise of hiring an investigator to determine Chen's address allows the Court (and the parties) to move this case forward expeditiously.[13]

**Second**, Chen says that allowing alternative service via U.S. counsel under these circumstances would "discourage foreign citizens from engaging counsel . . . . essentially eliminate a foreign citizen's 12(b)(5) defense, and undermine due process protections."[14]

Chen seems to suggest that if courts regularly approve alternative service under Rule 4(f)(3) that is cheaper and easier than service under Rules 4(f)(1) and (2), there would be no point for foreign citizens to retain U.S. counsel to object to improper service. In essence, Chen argues that defendants have a right to force plaintiffs to use, or at least try using, slower and costlier service methods before resorting to alternative service. The Court disagrees.

To begin, it is well-established that "there is not a hierarchy among the subsections of Rule 4(f)."[15] That is, Rules 4(f) does not prefer the service procedures under subsections (1) and (2) over alternative service under subsection (3). And Rule 4(f) does not require plaintiffs

---

[10] Doc. 41-1.
[11] *Id.*
[12] Doc. 38.
[13] *Smith v. SMS Grp., Inc.*, No. 22-cv-1303-DWD, 2022 WL 15460279, at *2 (S.D. Ill. Oct. 27, 2022).
[14] Doc. 40 at 5.
[15] *Lexmark,* 295 F.R.D. at 260 (collecting cases).

- 4 -

Case No. 1:23-cv-01980
GWIN, J.

to exhaust service efforts under Rules 4(f)(1) or (2) before pursuing alternative service either.[16] As such, foreign defendants have no right to service specifically under the Rule 4(f)(1) or (2) procedures.

Nor does the Court see any constitutional reason to favor Rules 4(f)(1) or (2). Defendant Chen says that allowing service through U.S. counsel undermines due process. But due process does not require specific procedures regarding service. Rather, due process ensures that service is reasonably calculated to give notice.[17] As the Court found above, service through U.S. counsel is reasonably calculated to give notice.

If anything, courts should prefer service through U.S. counsel in situations like this one. Courts are supposed to administer the Federal Rules in a way that "secure[s] the just, *speedy, and inexpensive* determination of every action."[18] And courts have explained that "[t]he rules governing service of process are not designed to create an obstacle course for the plaintiffs to navigate, or a cat-and-mouse game for defendants who are otherwise subject to the court's jurisdiction."[19]

So, when alternative service satisfies due process notice requirements just as much as enumerated service procedures, the fact that alternative service is faster and cheaper than those enumerated procedures weighs in favor of alternative service.[20]

---

[16] *Lexmark*, 295 F.R.D. at 260.
[17] *Studio A Ent., Inc. v. Active Distributors, Inc.*, No. 1:06-cv-2496, 2008 WL 162785, at *3 (N.D. Ohio Jan. 15, 2008) (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)).
[18] Fed. R. Civ. P. 1 (emphasis added).
[19] *Boulger v. Woods*, 306 F. Supp. 3d 985, 994 (S.D. Ohio 2018) (quoting *TRW, Inc. v. Derbyshire*, 157 F.R.D. 59, 60 (D. Colo. 1994)), *aff'd*, 917 F.3d 471 (6th Cir. 2019).
[20] This is not to say that there are never any reasons to favor more complicated service procedures. There may be comity issues that courts must consider. Or the plaintiffs themselves may wish to follow more complicated service procedures so that they will be able to enforce any U.S. judgment in foreign courts more easily. But Defendant Chen raises no such reasons here.

Case No. 1:23-cv-01980
GWIN, J.

**Finally**, Defendant Chen argues that Rule 4(f) does not permit service through U.S. counsel because Rule 4(f) only applies to service "at a place *not* within any judicial district of the United States."[21]  Chen says that U.S. counsel is located within the United States, so service through U.S. counsel would take place within the United States contrary to Rule 4(f)'s text.

Chen has some case support for his position.[22]  But the weight of authority appears to allow for service of process via U.S. counsel under Rule 4(f).[23]  The cases allowing for service through U.S. counsel explain that counsel is simply a conduit for service to a foreign defendant, so service takes place in the foreign country where the defendant resides and ultimately receives process.[24]

The Court agrees with and adopts the reasoning permitting service through U.S. counsel.  Therefore, the Court finds that service via U.S. counsel is appropriate.

## II.  CONCLUSION

The Court **GRANTS** Plaintiffs' motion for alternative service.  Plaintiffs may serve Defendant Chen by emailing process to Chen's U.S. counsel.  Chen's counsel should then promptly forward that process to Chen.  The Court will consider service effective upon emailing to Chen's counsel.  The current service deadline remains in place.

IT IS SO ORDERED.

Dated: June 26, 2024

s/     *James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[21] Doc. 40 at 5 (emphasis in original) (quoting Fed. R. Civ. P. 4(f)).
[22] *See Freedom Watch, Inc. v. Org. of Petroleum Exporting Countries*, 107 F. Supp. 3d 134, 137–38 (D.D.C. 2015).
[23] *See, e.g., Vega v. Hastens Beds, Inc.*, 342 F.R.D. 61, 66 (S.D.N.Y. 2022); *Bazarian Int'l Fin. Assocs., L.L.C. v. Desarrollos Aerohotelco, C.A.*, 168 F. Supp. 3d 1, 14 (D.D.C. 2016); *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 27 F. Supp. 3d 1002, 1010 (N.D. Cal. 2014).
[24] *See supra* note 21.