UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

---

| | : | |
|---|---|---|
| MORDECHAI AVISAR, et al., | : | CASE NO. 1:23-cv-01980 |
| Plaintiffs, | : | OPINION & ORDER |
| and | : | [Resolving Doc. 47] |
| SURGICAL THEATER, INC., | : | |
| Nominal Plaintiff, | : | |
| v. | : | |
| WEN-CHI CHEN, et al., | : | |
| Defendants. | : | |

---

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

The Court here considers whether to allow an amended complaint in this derivative lawsuit. Specifically, the Court considers whether the proposed complaint amendments would be futile as the amended complaint could not survive a motion to dismiss.

Plaintiffs Mordechai Avisar, Tai Liani, and James Domingo bring this derivative suit on behalf of Nominal Plaintiff Surgical Theater, Inc. With their complaint, Plaintiffs allege breach of fiduciary duty claims against Defendants Wen-Chi Chen, HTC Corporation, and HTC (BVI) Corporation. Earlier, the Court dismissed Defendant HTC Corporation for lack of personal jurisdiction. The Court dismissed the remainder of Plaintiffs' complaint for having failed to first bring the claim to the board of directors and for having failed to plead that soliciting the board of directors to make the claims would have been futile.

Plaintiffs now move for leave to amend their complaint. Although Plaintiffs have cured their deficient personal jurisdiction allegations, the Plaintiffs' proposed amended

Case No. 1:23-cv-01980
GWIN, J.

complaint still fails to plead demand futility. Therefore, the Court **DENIES** Plaintiffs' motion to amend as futile.

## I.    BACKGROUND

In its earlier order dismissing Plaintiffs' complaint, the Court provided a detailed factual background.[1] The Court does not recount that full background here and instead gives only a summary relevant to this Order.

At core, this lawsuit is about disagreements over Surgical Theater's direction and business decisions. Plaintiffs believe that Defendant Chen, as a Surgical Theater director, took actions against Surgical Theater's interest to promote Chen's own interests.[2] According to Plaintiffs, Chen tried driving down Surgical Theater's value so that Chen could acquire Surgical Theater's intellectual property at a lower price.[3]

Plaintiffs say that Defendant HTC Corporation helped Chen drive down Surgical Theater's value by declining to market and sell Surgical Theater products to Asia customers despite an agreement to do so.[4] Plaintiffs say that Chen, as an HTC Corporation director, caused HTC to renege on that agreement.[5]

## II.    LEGAL STANDARD

When deciding whether to deny leave to amend as futile, courts apply the relevant standard for a motion to dismiss.[6] That is, courts apply the Rule 12(b)(2) standard to determine whether a proposed amendment establishes personal jurisdiction,[7] and courts

---

[1] *Avisar v. Chen*, No. 1:23-cv-01980, 2024 WL 2816021 (N.D. Ohio June 3, 2024).
[2] Doc. 47-1 at ¶ 5.
[3] *Id.* at ¶¶ 5, 48.
[4] *Id.* at ¶¶ 35, 43.
[5] *Id.* at ¶ 43.
[6] *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010).
[7] *Georgalis v. Facebook, Inc.*, 324 F. Supp. 3d 955, 962 (N.D. Ohio 2018).

Case No. 1:23-cv-01980
GWIN, J.

apply the Rule 12(b)(6) and Rule 23.1 standards to determine whether a proposed amendment sufficiently pleads demand futility.[8]

On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, "[t]he party seeking to assert personal jurisdiction bears the burden of demonstrating that such jurisdiction exists."[9] Because the Court has not conducted an evidentiary hearing on personal jurisdiction in this case, Plaintiffs can satisfy their burden by making a *prima facie* personal jurisdiction showing.[10] In evaluating this *prima facie* burden, courts "consider pleadings and affidavits 'in a light most favorable to the plaintiff[s],' and do not weigh 'the controverting assertions of the party seeking dismissal.'"[11]

Under Delaware law, before a shareholder can bring a derivative lawsuit on behalf of a corporation, the shareholder must first make a demand on the board of directors to pursue the claim, or show that making such a demand would be futile.[12] In general, the board of directors, not individual shareholders, manages the corporation's affairs, including decisions about litigation.[13]

To survive a motion to dismiss for failure to plead demand futility, Plaintiffs must give demand futility allegations sufficient to meet the Rule 12(b)(6) and Rule 23.1 standards. This means Plaintiffs must allege facts that, when taken as true, make a plausible demand futility showing that rises above the speculative level.[14]

---

[8] *In re Ferro Corp. Derivative Litig.*, 511 F.3d 611, 617 (6th Cir. 2008).
[9] *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002).
[10] *MAG IAS Holdings, Inc. v. Schmückle*, 854 F.3d 894, 899 (6th Cir. 2017) (citation omitted).
[11] *Id.* (quoting *Theunissen v. Matthews*, 935 F.2d 1454, 1459 (6th Cir. 1991)) (alteration in original).
[12] *United Food & Com. Workers Union & Participating Food Indus. Emps. Tri-State Pension Fund v. Zuckerberg*, 262 A.3d 1034, 1047 (Del. 2021).
[13] *Id.*
[14] *Bray v. Bon Secours Mercy Health, Inc.*, 97 F.4th 403, 410 (6th Cir. 2024) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (1955)) (internal quotation marks omitted); Fed. R. Civ. P. 23.1; *see also In re Ferro*, 511 F.3d at 617.

Case No. 1:23-cv-01980
GWIN, J.

### III.  DISCUSSION

#### A.  Personal Jurisdiction (HTC Corporation)

When dismissing Plaintiffs' earlier complaint, the Court found that Plaintiffs failed to plead a *prima facie* personal jurisdiction showing against Defendant HTC Corporation.

Due process requires that claims against a defendant arise out of or relate to that defendant's forum contacts.[15]  The Court lacked personal jurisdiction because Plaintiffs' original complaint did not allege that HTC Corporation was involved "in any case-relevant contact with Ohio," so Plaintiffs' claims did not "arise out of or relate to" any Ohio contacts.[16]

With their proposed amended complaint, Plaintiffs try to fix this problem by alleging that an HTC Corporation representative attended meetings at Surgical Theater's Ohio office. That HTC representative allegedly attended those meetings to negotiate the agreement that Plaintiffs accuse HTC of reneging on.[17]

Defendant HTC Corporation responds that this is not enough.  HTC provides a declaration from the alleged HTC representative claiming that the representative was employed by an HTC-affiliate, not by HTC.[18]  And HTC argues that Plaintiffs' claims do not arise out of those negotiations because Plaintiffs bring fiduciary duty claims, not contract claims.[19]  Neither HTC Corporation argument is persuasive.

First, the Court cannot consider HTC's declaration because the Court is evaluating Plaintiffs' *prima facie* personal jurisdiction case.  When evaluating a *prima facie* case, the Court cannot "weigh the controverting assertions of the party seeking dismissal."[20]

---

[15] *Sullivan v. LG Chem, Ltd.*, 79 F.4th 651, 670 (6th Cir. 2023).
[16] *Avisar*, 2024 WL 2816021, at *6.
[17] Doc. 47-1 at ¶ 47.
[18] Doc. 49-1.
[19] Doc. 49 at 15.
[20] *MAG IAS Holdings*, 854 F.3d at 899 (internal quotation marks and citation omitted).

- 4 -

Case No. 1:23-cv-01980
GWIN, J.

Second, Defendant HTC Corporation takes too narrow a view of what it means for a claim to "arise out of or relate to" forum contacts. True, Plaintiffs do not make a contract claim. But Plaintiff's fiduciary duty claims against Defendant HTC Corporation are based on HTC's failure to carry out the HTC-Surgical Theater agreement.[21] At the pleading stage, where Plaintiffs need to make only a *prima facie* case, and the Court must draw all inferences in Plaintiffs' favor,[22] this is enough to establish personal jurisdiction.[23]

### B. Demand Futility

In assessing demand futility, the Court applies federal procedural law but state substantive law.[24] In particular, the Court looks to the incorporation state's substantive demand futility law.[25] Surgical Theater is a Delaware corporation,[26] so Delaware demand futility law applies.

Under Delaware law, "the Rule 23.1 demand inquiry must be assessed by reference to the board in place at the time when the amended complaint is filed."[27] As Defendants argue (and Plaintiffs concede), Plaintiffs' proposed amended complaint attempts to plead demand futility as to an old Surgical Theater board, not as to the board in place when Plaintiffs moved to amend.[28] Therefore, Plaintiffs' proposed complaint does not plead demand futility.

---

[21] Doc. 47-1 at ¶¶ 40–45.
[22] *Predictive Conversations, LLC v. Leica Geosystems, Inc.*, No. 5:22-cv-311, 2023 WL 4052471, at *2 (N.D. Ohio June 16, 2023) (citing *Bird*, 289 F.3d at 871–72).
[23] *See The Andersons, Inc. v. Demrex Indus. Servs., Grp., LLC*, 590 F. Supp. 2d 963, 970 (N.D. Ohio 2008) (contacts arose out of or related to breach of contract claim where defendants negotiated an executed the contract in Ohio).
[24] *In re Ferro*, 511 F.3d at 617.
[25] *Id.*
[26] Doc. 47-1 at ¶ 16.
[27] *Braddock v. Zimmerman*, 906 A.2d 776, 786 (Del. 2006).
[28] Doc. 49 at 5; Doc. 51 at 7–9.

Case No. 1:23-cv-01980
GWIN, J.

Plaintiffs resist this conclusion by arguing that choosing the board for demand futility purposes is a procedural question governed by federal law rather than a substantive question governed by Delaware law.[29] But that is not so. The Delaware Supreme Court has squarely held that the demand requirement is a "substantive right designed to give a corporation the opportunity to rectify an alleged wrong without litigation, and to control any litigation which does arise."[30]

It is Delaware law, not federal procedural law, that requires derivative plaintiffs "give the board of directors the opportunity to exercise that substantive right or demonstrate that the board is incapable of evaluating demand in a disinterested and independent manner, *i.e.*, because that demand would be futile, it is excused."[31]

Plaintiffs also appeal to fairness, arguing that the Court gave Plaintiffs only 30 days to amend.[32] Plaintiffs say that this short time frame was not enough for Plaintiffs to investigate demand futility as to the current Surgical Theater board.[33] This does not make the demand futility requirement any less substantive, though. If Plaintiffs did not have sufficient time to investigate, Plaintiffs could have requested an extension.

As such, the Court finds that Plaintiffs' proposed amended complaint would not survive a motion to dismiss for failure to plead demand futility.

---

[29] Doc. 51 at 8–9.
[30] *Braddock*, 906 A.2d at 784 (quoting *Aronson v. Lewis*, 473 A.2d 805, 809 (Del. 1984)).
[31] *Id.*
[32] Doc. 51 at 9.
[33] *Id.*

Case No. 1:23-cv-01980
GWIN, J.

## IV. CONCLUSION

The Court **DENIES** Plaintiffs' motion to amend because Plaintiff's proposed amendment would not survive a motion to dismiss. Plaintiffs must file any new motion to amend within **thirty (30) days** of this Order.

IT IS SO ORDERED.

Dated: August 20, 2024

                                             *s/ James S. Gwin*
                                             JAMES S. GWIN
                                             UNITED STATES DISTRICT JUDGE